```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PONTELL BRYANT,<br><br>              Plaintiff,<br><br>    v.<br><br>S/C.O. G. JACKSON, et al.,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-2823 (JBS/AMD)<br><br><br>**ORDER** |

Plaintiff Pontell Bryant, pro se, brings this lawsuit against several corrections officers at South Woods State Prison in Bridgeton, N.J., who allegedly used excessive force against him while he was incarcerated there.[1] Specifically, he alleges that he was punched and kicked repeatedly and unnecessarily by officers while restrained in his cell. (Compl. [Docket Item 1] at 5-6.) He seeks $125,000 and injunctive relief "restraining defendants from any kind of further retaliation." (Id. at 8.) This matter is before the Court on Plaintiff's motion for "default judgment against Jackson, et al," under Fed. R. Civ. P. 55(b)(1). (Pl. Mot. [Docket Item 25] at 1.)[2]

---

[1] The named Defendants are: S/C.O. G. Jackson; S/C.O. Higbee; S/C.O. J. Rivera; S/C.O. S. Herman; Sgt. Janda; and Officer B. Bagliani. Plaintiff currently is incarcerated in a different state prison. See Docket Item 24 ("change of address").

[2] Plaintiff brings constitutional claims under 42 U.S.C. § 1983. The Court has jurisdiction over the federal claims under 28

This Court granted Plaintiff's application to proceed <u>in forma pauperis</u> and summonses were issued as to "S/C.O. S. Herman, S/C.O. Higbee, S/C.O. G. Jackson, Sgt. Janda, [and] S/C.O. J. Rivera." [<u>See</u> Docket Item 3.] The summonses were returned executed as to Officers Herman, Higbee and Rivera, but unexecuted as to Officer Jackson and Sergeant Janda. [Docket Items 6 & 7.] Officer Jackson, according to Plaintiff, died in June 2013. [Docket Item 9.] Plaintiff wrote a letter to the Court advising that the summonses were returned unexecuted in error as to Sergeant Janda, Officer Higbee and Officer Jackson [<u>id.</u>], and the Court responded that Higbee, in fact, had been served, and that Plaintiff could take up the issue of serving Sergeant Janda "with the attorney who enters an appearance on behalf of the other Defendants and get an agreement to effectuate service at Sgt. Janda's current address." [Docket Item 11.] Plaintiff then moved to add Officer B. Bagliani to the Complaint, which the Court permitted, and Officer Bagliani was served. [Docket Items 12, 14 & 16.]

None of the Defendants who have been served -- Officers Bagliani, Herman, Higbee and Rivera -- have answered or otherwise responded to the Complaint. Officers Herman, Higbee and Rivera were required to file an answer by April 9, 2014, and

---

U.S.C. § 1331, and supplemental jurisdiction over the state-law claim of negligence under 28 U.S.C. § 1367.

Officer Bagliani was required to file an answer by May 29, 2014. [Docket Items 7 & 16.] No appearances have been entered on behalf of any of the Defendants.

Plaintiff requested that the Clerk of Court enter default "against the defendants," under Fed. R. Civ. P. 55(a). [Docket Item 22.] The Clerk entered default against Officers Bagliani, Herman, Higbee and Rivera on June 24, 2014. Approximately one month later, Plaintiff filed the present motion for default judgment under Fed. R. Civ. P. 55(b)(1). [Docket Item 25.]

Plaintiff's motion is a standardized form on which he has filled in the blanks. It is captioned "REQUEST TO ENTER DEFAULT JUDGMENT (Fed. R. Civ. P. 55(b)(1))." (Pl. Mot. at 1.) Plaintiff lists the name of the defaulting party as "Jackson, et al" and demands a judgment of $125,000. (Id.) Plaintiff also attaches a standardized form affidavit, which he has partially completed. The affidavit (including blanks and directions to the affiant in brackets) provides in part:

> The claim asserted in the  civil complaint  [*name of pleading, e.g.,* complaint] is for a sum certain or a sum that may be made certain within the meaning of Rule 55(b)(1) of the Federal Rules of Civil Procedure. The claim is for  excessive force  [*describe nature of claim, e.g.,* the unpaid balance on a promissory note, the original of which is attached as Exhibit _____ to this Affidavit and incorporated into it by reference]. The specific amount due, together with interests and costs of the suit, is established _____
> [below *or* in the Statement of Amount Due attached to and incorporated into this Affidavit as Exhibit \_\_\_\_\_].

3

>     __Jackson, et al__  [*Name of defaulting party*] owes  __125,000$^{00}$__ [*name of requesting party*] the sum certain amount of   __$125,000__   [*net amount due, including interest and costs*] . . . .

(Pl. Aff. ¶¶ 7-8) (paragraph numbers and headings omitted). Plaintiff provides no other supporting material to explain how he arrived at the sum of $125,000. He signed his affidavit, but the portion of the form reserved for a notary is blank. The deadline to file opposition to the motion for default judgment has passed without any response from Defendants.

    Rule 55 of the Federal Rules of Civil Procedure provides that, after the Clerk of Court enters default against a party:

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). However, if plaintiff's claim is <u>not</u> for a sum certain or a sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In the latter case, the court may conduct hearings to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)-(D).

Here, Plaintiff's Complaint requests $125,000 in "compensatory and punitive damages" for injuries resulting from the use of excessive force. (Compl. at 8.) Plaintiff has not identified any actual expenses he has incurred as a result of his injuries, and he provides no documentary or testimonial evidence to explain the extent of his injuries or how he computed damages in this case. Plaintiff's request is not for a "sum certain." See Pearson v. Sonnet Trucking, Inc., No. 09-5917, 2011 WL 2923689, at *2 (E.D. Pa. July 20, 2011) (stating that a damages demand for "past and future medical expenses, pain, and suffering" is not a request for a sum certain and "must be evaluated under Rule 55(b)(2), not (b)(1)"). In general, plaintiffs are "not automatically entitled to the damages they originally demanded" in the complaint, but a plaintiff may be "required to prove that he or she is entitled to the damages sought." Rainey v. Diamond State Port Corp., 354 F. App'x 722, 724 (3d Cir. 2009) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), and DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005)). Because damages under the Complaint are not susceptible to proof in a sum certain, such as by an accounting of a business ledger, Plaintiff's motion for default judgment cannot be granted under Fed. R. Civ. P. 55(b)(1).

5

The Court will grant Plaintiff leave to file a motion for default judgment under Rule 55(b)(2) and to provide an accompanying affidavit (or other documentary evidence) justifying his claim of liability and for an award of damages, and explaining how the damages are calculated. Medical records of treatment for the injuries for which Plaintiff claims damages must also be provided. If Plaintiff claims a permanent condition as part of his damages, he must furnish a competent medical opinion relating the cause and effects of the injury, and the permanency of the injury. Any new motion for default judgment must specifically name each party against whom the Plaintiff seeks default judgment, and specify what each defaulting Defendant did or failed to do that makes him or her liable under § 1983. If there is a prima facie basis for a recovery of such damages,[3] the Court would have the obligation of convening a default judgment hearing to take necessary testimony.

THEREFORE IT IS this __**25th**__ day of __**August**__, **2014,** hereby

ORDERED that Plaintiff's motion for default judgment under Fed. R. Civ. P. 55(b)(1) is DENIED; Plaintiff may re-file the motion under Fed. R. Civ. P. 55(b)(2), with accompanying

---

[3] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e.

documents or affidavit testimony explaining the evidence of liability and damages; and it is further

ORDERED that the Clerk of Court shall provide a copy of this Order by regular mail to the Attorney General of New Jersey to advise of default and of the prospect of default judgment against these State officers.

                                            **s/ Jerome B. Simandle**
                                            JEROME B. SIMANDLE
                                            Chief U.S. District Judge