```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PONTELL BRYANT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 13-2823 (JBS/AMD) |
| S/C.O. G. JACKSON, et. al., | |
| Defendants. | **ORDER** |

This matter comes before the Court on pro se Plaintiff Pontell Bryant's letter to the Court Clerk, docketed September 5, 2014, seeking entry of default judgment. [Docket Item 28.] On May 2, 2013, Plaintiff filed a Complaint against several correctional officers at South Woods State Prison in Bridgeton, N.J., for using excessive force against him while he was incarcerated there. The Complaint seeks an injunction restraining defendants "from any kind of further retaliation," as well as $125,000 in damages. The Court granted Plaintiff's motion to proceed in forma pauperis in January 2014, and summons were executed on four defendants in April and May of 2014.[1] None of the Defendants who have been served have responded to the Complaint, and none have entered an appearance.

---

[1] Officers S/C. O. S. Herman, S/C. O. H. Higbee, and S/C. O. J. Rivera were served on March 19, 2014. S/C. O. B. Bagliani, who was added as a defendant on April 9, 2014, was served on May 12, 2014. [Docket Items 7, 16.]

On June 19, 2014, Plaintiff filed a request for entry of default [Docket Item 22], and the Clerk entered default against Officers Bagliani, Herman, Higbee, and Rivera on June 24, 2014. Shortly thereafter, on July 23, Plaintiff filed a motion for "default judgment against Jackson, et al," under Fed. R. Civ. P. 55(b)(1) [Docket Item 25]. However, because Plaintiff failed to include any evidence explaining the extent of his injuries and how he computed the $125,000 of damages in this case, the Court denied Plaintiff's motion. In its Order dated August 25, 2014, the Court stated that should Plaintiff re-file his motion for default judgment under Fed. R. Civ. P. 55(b)(2), he must provide an affidavit or other documentary evidence justifying his claim of liability and explaining how the damages were calculated. The Court also required Plaintiff to provide medical records showing the extent of his injury and treatment. Finally, the Court stated that any new motion for default must specify the liability of each party against whom the Plaintiff seeks default judgment. (Aug. 25, 2015 Order [Docket Item 26], at 6-7.)

Plaintiff's renewed request for default judgment does not comply with the Court's Aug. 25, 2014 Order. Plaintiff's letter to the Court states in its entirety:

> Please enter a motion for default judgment, Defendants failed to file an answer by April 9, 2014 and May 29, 2014. I request for claim for a sum certain or a sum that can be made certain by

2

> computation. I request that the court may conduct hearings to "conduct an accounting" [to] determine the amount of damages, established the truth of any investigation by evidence or investigate any other matter.

(Sep. 5, 2014 Letter Mot. for Default J. [Docket Item 28].) Plaintiff's motion must be denied because he has not satisfied the requirements laid out by the Court in its Order denying Plaintiff's first motion for default judgment. First, to the extent Plaintiff seeks default judgment under Federal Rule of Civil Procedure 55(b)(1), that request must be denied. The Court made clear in its August 25, 2014 Order that Plaintiff is not entitled to default judgment under Rule 55(b)(1) because the damages requested by Plaintiff "are not susceptible to proof in a sum certain, such as by an accounting of a business ledger." (Aug. 25, 2015 Order, at 5.)

To the extent Plaintiff seeks default judgment under Federal Rule of Civil Procedure 55(b)(2), that request must also be denied. The Court's Order specifically required any new motion under Rule 55(b)(2) to be accompanied by affidavits, medical records, or other documentary evidence describing the extent of Plaintiff's injury, cost of treatment, and the liability of each officer against whom judgment was being sought. Plaintiff has not furnished any of the documents required by the Court, and has not shown that he is entitled to

default judgment. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 104 F.3d 105, 111 (2d Cir. 1997) (district court cannot simply enter default judgment by accepting at face value plaintiff's statement of damages in the complaint); Malik v. Hannah, 661 F. Supp. 2d 485, 490 (D.N.J. 2009) (plaintiff seeking default judgment "must still offer some proof of damages" before court can decide whether or not to enter default judgment).

Plaintiff also requests a hearing on default judgment; however, the Court has already made clear that a hearing will only be convened after Plaintiff has shown a prima facie basis for the liability of each defendant and for recovery of such damages, which Plaintiff has not done. (Id. at 6 n.3.) If Plaintiff can provide sufficient evidence to establish a prima facie basis for recovery, the Court will convene a default judgment hearing to take necessary testimony.

The Court will permit Plaintiff to file one more motion for default judgment under Rule 55(b)(2). Plaintiff's motion must be filed with affidavit testimony or other evidentiary documents explaining the evidence of liability and damages, in the manner specified by the Court's August 25, 2014 Order (id. at 6-7) and by this Order. Should Plaintiff fail to comply with the Court's

Order for a second time, Plaintiff's motion may be denied with prejudice.

 IT IS this  **12th**  day of  **November** , **2014,** hereby

 ORDERED that Plaintiff's motion for default judgment under Fed. R. Civ. P. 55(b)(2) is DENIED; and it is further

 ORDERED that any re-filed motion for default judgment under Red. R. Civ. P. 55(b)(2) must be accompanied by affidavits or other documentary evidence describing the injury Plaintiff sustained; medical treatment received, if any; and each defaulting Defendants' liability; and it is further

 ORDERED that the Clerk of the Court shall provide a copy of this Order by regular mail to the Attorney General of New Jersey to advise of default and of the prospect of default judgment against these State officers.


         **s/ Jerome B. Simandle**
        JEROME B. SIMANDLE
        Chief U.S. District Judge