```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PONTELL BRYANT,<br><br>    Plaintiff,<br><br>  v.<br><br>S/C.O. G. JACKSON, et al.,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-2823 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Pontell Bryant, Plaintiff Pro Se
# 552782/311381-C
Bayside State Prison
P.O. Box F-1
Leesburg, New Jersey 08327

Gregory R. Bueno, Esq.
Office of the Attorney General
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
     Attorney for Defendants, Higbee, Herman, Bagliani, & Valle

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

     This matter comes before the Court on pro se Plaintiff Pontell Bryant ("Plaintiff") motion for default judgment (Docket Entry 37), and Defendants Bagliani and Rivera's cross-motion to vacate an entry of default and to extend time to answer, (Docket Entry 38). These motions are being decided on the papers pursuant to Fed. R. Civ. Pro. 78(b). For the reasons set forth

below, Plaintiff's motion for a default judgment is denied, and Defendants' cross-motions are granted.

## II. Procedural History

Plaintiff, a convicted and sentenced state prisoner, filed a complaint on May 2, 2013 asserting claims of excessive force, cruel and unusual punishment, retaliation, and denial of medical care against Defendants S/C.O. Herman, S/C.O. Higbee, S/C.O. Jackson, Sgt. Janda, S/C.O. Rivera,[1] and John Doe officers while Plaintiff was incarcerated at South Woods State Prison ("SWSP"). (Docket Entry 1). By Order dated January 27, 2014, this Court granted Plaintiff leave to proceed *in forma pauperis* and permitted the complaint to proceed beyond sua sponte dismissal pursuant to 28 U.S.C. § 1915A. (Docket Entry 2).

Summonses were issued as to all Defendants. (*See* Docket Entry 3.) The summonses issued to Defendants Jackson and Janda were returned unexecuted on March 21, 2014. (Docket Entry 6).[2] A designated Department of Corrections ("DOC") official accepted service on behalf of Defendants Higbee, Rivera, and Herman on

---

[1] Counsel for Defendants notes his belief that SCO Rivera changed her name to Valle after the filing of the Complaint. (Docket Entry 38-2 at 2 n.1). The Court shall continue to refer to the Defendant as Rivera to maintain consistency with the Court's previous orders.

[2] Plaintiff later informed the Court the Defendant Jackson died in June 2013. (Docket Entry 9).

2

March 19, 2014. (Docket Entry 7). Another official accepted service on behalf of Defendant Bagliani on May 8, 2014.[3]

On June 19, 2014, Plaintiff moved for an entry of default against all defendants as no answers had been filed within the time allotted by the federal rules. (Docket Entry 22).[4] The Clerk of the Court entered default on June 24, 2014. Plaintiff filed a motion for default judgment on July 23, 2014. (Docket Entry 25). This Court denied the motion on August 28, 2014 for failure to comply with Federal Rule of Civil Procedure 55. (Docket Entry 26). The Court permitted Plaintiff to file a motion for default judgment under Rule 55(b)(2), and instructed him to provide an accompanying affidavit or other documentary evidence justifying his claim of liability and an award of damages, and to explain how the damages are calculated. (Docket Entry 26 at 6). A copy of the Court's order was mailed to the Attorney General of the State of New Jersey as a courtesy intending to prompt an inquiry regarding the apparent inattentiveness of the DOC to the summonses. (Docket Entry 27). No response from the Office of the Attorney General was forthcoming.

---

[3] Defendant Bagliani was added as a defendant on April 14, 2014. (Docket Entries 14 and 16).
[4] Defendants Higbee, Valle, and Herman were required to respond to the complaint no later than April 9, 2014, and Defendant Bagliani was required to file an answer by May 29, 2014.

Plaintiff filed another motion for default judgment on September 5, 2014. (Docket Entry 28). On November 13, 2014, this Court again denied the motion as Plaintiff had not complied with the Court's August 28 Order. (Docket Entry 30). The Court permitted Plaintiff to file one more motion for default judgment, and specifically noted that

> Plaintiff's motion must be filed with affidavit testimony or other evidentiary documents explaining the evidence of liability and damages, in the manner specified by the Court's August 25, 2014 Order and by this Order. Should Plaintiff fail to comply with the Court's Order for a second time, Plaintiff's motion may be denied with prejudice.

(Docket Entry 30 at 4-5 (internal citation omitted)). A copy of the order was mailed to the New Jersey Attorney General's Office. (Docket Entry 31).

On December 14, 2014, a representative of the New Jersey Attorney General's Office filed a letter with the Court acknowledging receipt of the November 13, 2014 order. (Docket Entry 32). The letter indicated that the summonses had been misplaced by the DOC after service, resulting in the named officers being unaware there were proceedings against them. (Docket Entry 32). The letter further indicated that the Office of the Attorney General was in the process of determining whether it would represent the officers. (Docket Entry 32).

Defendants Herman and Higbee, having been approved for representation by the Office of the Attorney General, filed a

4

motion to set aside the entry of default and to extend their time to answer or otherwise respond to the complaint. (Docket Entry 33). By Order dated February 3, 2015, Magistrate Judge Ann Marie Donio granted the unopposed motion and permitted Defendants Herman and Higbee to respond to the complaint within fourteen (14) days. (Docket Entry 34).

On March 13, 2015, Plaintiff filed the instant motion for default judgment. (Docket Entry 37). On March 18, 2015, Defendants Bagliani and Rivera filed their opposition to the motion and a cross-motion to set aside the entry of default and to extend their time to answer. (Docket Entry 38). Plaintiff filed his opposition to the cross-motion on April 2, 2015. (Docket Entry 42).

### III. DISCUSSION

#### A. Motion for Default Judgment

"'Before imposing the extreme sanction of default [judgment], district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.'" *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009) (quoting *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)) (alteration in original).

After an entry of default is entered, the court may set it aside for good cause. Fed. R. Civ. Pro. 55(c). The decision to vacate the entry of default rests within the "sound discretion of the [trial] court." *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In exercising its discretion to vacate entry of a default or a default judgment, the Court must generally consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *U.S. v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

This is Plaintiff's third motion for default judgment. In denying each of the previous motions, this Court specifically outlined for Plaintiff the requirements of Rule 55(b)(2), including the requirement that he had to submit affidavits, medical records, or other documentary evidence describing the extent of his injury, cost of treatment, and the liability of each officer against whom judgment was being sought. (*See* Docket Entries 26 and 30); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 104 F.3d 105, 111 (2d Cir. 1997) (district court cannot simply enter default judgment by accepting at face value plaintiff's statement of damages in the complaint); *Malik*, 661 F. Supp. 2d at 490 (plaintiff seeking default judgment "must still offer some proof of damages" before

6

court can decide whether or not to enter default judgment). Once again, Plaintiff has not furnished any of the documents required by the Court.

Plaintiff's motion contains no support for his conclusory statements that he is entitled to $15,000 in damages from each defendant, (Docket Entry 37 at 1), or for his assertion that Defendants' failure to file an answer was "actual fraud, willful misconduct and actual malice . . . ." (Docket Entry 42 at 1). Although he states he would be prejudiced if the Court does not enter default, he does not state how. (Docket Entry 42 at 1). On the other hand, Defendants would be greatly prejudiced should default judgment be entered against them in the absence of factual evidence of liability and damages. Such an extreme sanction is not warranted when the evidence presented to the Court demonstrates the failure to file an answer was the result of inaction by a non-party rather than any misconduct by Defendants. (*See generally* Declaration of Gregory R. Bueno, Docket Entry 38-2). The Court therefore finds that Plaintiff is not entitled to default judgment.

Furthermore, as Plaintiff has disregarded the orders of this Court regarding the filing of default judgment motions on two occasions, Plaintiff's motion is denied with prejudice.

**B. Cross-Motion to Set Aside Default**

Defendants Bagliani and Rivera ask this Court to set aside the entry of default for good cause. In a sworn declaration, counsel for the Defendants asserts that although summonses and complaints were received by SWSP staff on March 19 and May 8, 2014, Defendants were not informed of the complaints against them at those times, nor did they have knowledge of the complaint at the time Defendants Higbee and Herman learned of the complaint against them and filed their motion. (Declaration of Gregory R. Bueno, Docket Entry 38-2 ¶¶ 3-10). Although DOC staff members attempted to contact Defendants Bagliani and Rivera upon learning of the possibility of a default judgment, their efforts were not successful until sometime in early 2015. (Declaration of Gregory R. Bueno, Docket Entry 38-2 ¶ 10).

Bagliani and Rivera applied to the New Jersey Office of the Attorney General, Department of Law for representation in February 2015, however counsel did not receive the applications until March 10, 2015. (Declaration of Gregory R. Bueno, Docket Entry 38-2 ¶ 10). After receiving the representation requests, counsel had to conduct an investigation in order to determine whether the office would be able to provide representation. (Declaration of Gregory R. Bueno, Docket Entry 38-2 ¶ 11); *see also* N.J. STAT. ANN. § 59:10A-2. Plaintiff objects to the cross-motion, arguing Bagliani's and Rivera's failure to respond to

the summonses and complaint "was actual fraud, willful misconduct and actual malice . . . ." (Docket Entry 42 at 1). He provides no support for this claim.

The Third Circuit has expressed "a policy disfavoring" default, preferring instead that close cases be resolved in favor of setting aside default and disposing of cases on the merits. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988); *see also Collura v. Ford*, 303 F.R.D. 57, 75-76 (E.D. Pa. 2014). This matter is still in its early stages, enabling Plaintiff to have a full and fair opportunity to pursue his claims. Moreover, the Court has received copies of Plaintiff's discovery demands to Defendants, including the Defendants seeking to vacate the entry of default. (Docket Entries 44 and 45). As Plaintiff is seeking discovery from Defendants, it is clear he has not been and will not be prejudiced by vacating the entry of default. The delay in the proceedings may be remedied by a prompt response to the complaint.

Defendants assert they have a meritorious defense and that they want to have the opportunity to respond to the allegations made in the complaint. (Declaration of Gregory R. Bueno, Docket Entry 38-2 ¶ 13). "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d

9

192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Defendants Bagliani and Rivera specifically incorporate the claims raised by Defendants Higbee and Hermann in their motion for summary judgment, (Docket Entry 35). (Declaration of Gregory R. Bueno, Docket Entry 38-2 ¶ 13). Defendants Higbee and Hermann assert in that motion that Plaintiff failed to exhaust his administrative remedies and did not comply with the provisions of the New Jersey Tort Claims Act. (Docket Entry 35 at 2). If proven by Defendants, those defenses would preclude Plaintiff's recovery.[5] *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Defendants Rivera and Bagliani have therefore presented sufficient meritorious defenses to warrant vacating the entry of default so that the case can proceed upon the merits.

Finally, no evidence exists that Defendants Bagliani and Rivera purposefully and maliciously failed to respond to the complaint despite Plaintiff's allegations. The evidence submitted indicates that the delay in Defendants Bagliani's and

---

[5] The Court expresses no opinion as to the ultimate merits of the defenses contained the summary judgment motion at this time.

Rivera's response to the complaint was not caused by their intentional misconduct, but by the inattention of non-party DOC staff members. Though the delay in the proceedings is undesirable, it cannot be attributed to Defendants' culpable conduct if they were unaware of the summonses that were supposed to be received and processed by other DOC personnel. The Court is displeased that, on two occasions in this case, the responsible DOC personnel appear to have been indifferent to their obligation and duty to assure receipt of summonses and complaints by the defendant corrections officers. Further, this Court's Order of August 28, 2014 (Docket Entry 28) was sent to the Attorney General's Office to alert that office to the fact that a default was looming against the corrections officers, since the Court's records indicated that good service had been made by the U.S. Marshal upon responsible DOC personnel, but nothing happened in response. In short, a year has been wasted, and this waste of time and energy could have been averted if the officials in South Woods State Prison had paid attention to doing their job when served with this Court's summonses for delivery to the named defendant officers. This Court is granting relief from default not because it excuses the serial inadvertence of South Woods personnel, but because it appears the named defendants, who were without blame for the snafu, have proffered a likely meritorious defense.

11

The Court therefore finds Defendants Bagliani and Rivera have established good cause to vacate the entry of default, and they shall be permitted to answer or otherwise respond to the complaint.

## IV. CONCLUSION

For the above stated reasons, Plaintiff's motion for default judgment is denied with prejudice.  Defendants' cross-motion to vacate the entry of default and to answer or otherwise respond to the complaint is granted. An accompanying Order will be entered.

 **June 8, 2015**                              **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                 Chief U.S. District Judge