IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PONTELL BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>S/C.O. G. JACKSON, et al.,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-2823 (JBS-AMD)<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is Defendants Higbee and Herman's motion for summary judgment. (Docket Entry 35).

1.   Defendants assert summary judgment is warranted on Plaintiff Pontell Bryant's excessive force claim because he failed to exhaust his administrative remedies. In support of their motion, Defendants submitted numerous institutional remedy forms, none of which reference the assault alleged in the complaint. (*See, e.g.*, Docket Entries 35-3, 35-4, 35-5, and 35-6).

2.   Plaintiff filed a brief in opposition stating that he did submit a remedy form regarding the assault and was interviewed by the Special Investigations Division ("SID") on two occasions on camera. (*See* Docket Entry 40 at 1).

3.   In their response, Defendants denied any remedy form was "properly filed," and rely on the fact that Plaintiff has

not produced any documentation to support his assertion. (Docket Entry 41 at 7).

4. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

5. The Prison Litigation Reform Act mandates that prisoners exhaust internal prison grievance procedures before filing suit. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust administrative remedies is an affirmative defense.

6. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2010) (quoting *Woodford*, 548 U.S. at 88)). The Third Circuit has held that "compliance with the administrative remedy scheme will be satisfactory if it is substantial." *Nyhuis v. Reno*, 204 F.3d 65, 77-78 (3d Cir. 2000); *see also Small v. Camden Cnty.*, 728 F.3d 265, 272 (3d Cir. 2013).

7.  Plaintiff has affirmed he has not received any discovery. (Docket Entry 40 at 2); *see* Fed. R. Civ. Pro. 56(d).

8.  "[E]xhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small*, 728 F.3d at 269. This Court finds there is a dispute as to whether Plaintiff's compliance with the administrative remedy system was substantial.  There is a reasonable inference that Plaintiff duly filed a grievance form, as he claims, because he was interviewed about his assault claim. The absence of such a form in the prison records may not be dispositive of the issue of exhaustion if the institution was aware of the incident and had the opportunity to investigate it when the claim was fresh, which is a paramount purpose of the administrative exhaustion requirement. It would, however, be premature to decide the issue until the parties have had the opportunity to obtain discovery regarding the alleged assault claim including the interviews of plaintiff.  The Court will dismiss the pending motion without prejudice to renewal after the relevant discovery has been exchanged. Meanwhile, the Defendants will be required to provide Plaintiff all discovery relevant to the assault allegations of the June 12, 2013 incident within thirty (30) days hereof as set forth below.

**WHEREFORE**, **IT IS**, this __16th__ day of __July__, **2015** hereby

3

**ORDERED** that Defendants Higbee and Herman's motion for summary judgment for failure to exhaust administrative remedies [Docket Entry 35] is hereby **DISMISSED** without prejudice to renewal; and it is further

**ORDERED** that Defendants shall, within thirty (30) days hereof, provide to Plaintiff any and all evidence (such as notes, documents, and records) that is in the possession or control of South Woods State Prison and/or the Special Investigation Division regarding Plaintiff's allegation of the use of excessive force on June 12, 2013 and any investigation undertaken in response thereto; such evidence may redact sensitive information such as any informant's identity, confidential investigative techniques, confidential personnel information, and the like; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

 s/ Jerome B. Simandle 
JEROME B. SIMANDLE
Chief U.S. District Judge